Robert Thompson *et al.*

*v.*

Charles E. Hovey.

1. Evidence — *account — credits — admissions.* Where a party files a bill of particulars, embracing many charges, and a credit for a sum as paid, the whole account must be taken together, like an admission of any other kind, and it is for the jury to pass upon it and say what it proves. If the other

party introduces the account, he must introduce both charges and credits for the consideration of the jury. It is error for the court to direct the jury as to the weight of the evidence; it is the province of the jury to determine that question. The court may instruct as to what is testimony, but not what it proves.

APPEAL from the Circuit Court of De Witt county; the Hon. JOHN M. SCOTT, Judge, presiding.

This was an action of assumpsit brought by Robert Thompson, John M. Major and Charles S. Janes, in the McLean Circuit Court, against Charles E. Hovey. The declaration contained the common counts, to which defendant filed the general issue. The case was subsequently taken by change of venue to the Circuit Court of De Witt county. A trial was had by the court and a jury. The jury found for the defendant, and plaintiffs thereupon entered a motion for a new trial, which was overruled, and judgment rendered on the verdict. Plaintiffs bring the case to this court on appeal, and ask a reversal.

Messrs. WILLIAMS & BURR and E. M. PIERCE, for the appellants.

Mr. W. M. HATCH, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It is urged by appellants, that the court below erred, in giving defendant's fifth instruction. It is this:

"The plaintiffs admit a credit of $1,311.77, in the bill of particulars, filed with the declaration herein, and unless the plaintiffs have proved a just claim against the defendant of more than that amount, the jury will find for the defendant."

And, from a careful examination of all the instructions given, we do not see that it was in any wise modified. It appears from the record, that the suit was based upon an account, embracing many items of charges against defendant.

And there was upon it a credit for the sum named in the instruction.

Appellants contend, that the bill of particulars was not in evidence, and therefore the instruction was not based upon the evidence in the case. In the view we take of the case, it does not matter if it had been read as evidence. If offered by appellee as an admission, the charges as well as the credits should have been admitted in evidence. He did not have the right to select the credits as admissions in his favor and reject the debits, any more than he would had it been admissions made in a conversation. In neither case could he select such portions of the admissions as were favorable to him and reject that which was unfavorable. An account of this character is a statement in writing by the plaintiff, and if the other party desires to avail himself of the statement he must permit the whole of it to go to the jury. And when admitted, like all other statements and admissions, it is for the consideration of the jury. When before them, they are the sole judges of what it proves, if any thing. It is not the province of the court to determine the weight proper to be given by the jury to such evidence. The court may instruct what is testimony, but not what it proves. The court, by this instruction, invaded the province of the jury; and we are not prepared to say how largely this misdirection may have contributed to their verdict. The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*